## LUCIANI REALTY PARTNERS *v.* NORTH HAVEN ACADEMY, LLC, ET AL.
### (AC 29550)

Harper, Robinson and Stoughton, Js.

Argued October 29, 2009—officially released March 2, 2010

*James S. Brownstein,* with whom, on the brief, was *Anthony E. Parent,* for the appellant (plaintiff).

*Maureen E. Burns,* for the appellee (named defendant).

*Julia B. Morris,* for the appellee (defendant 97 Washington, LLC).

*Jennifer N. Coppola,* for the appellee (defendant town of North Haven et al.).

*Opinion*

STOUGHTON, J. The plaintiff, Luciani Realty Partners, appeals from the summary judgment rendered in

favor of two of the defendants in this case, 97 Washington, LLC, and North Haven Academy, LLC, on the first, second, third and eleventh counts of the plaintiff's amended complaint.[1] Specifically, the plaintiff claims that the trial court improperly rendered summary judgment as to the counts of its amended complaint alleging (1) injurious falsehood, (2) slander of title, (3) trespass and (4) unjust enrichment.[2] We affirm the judgment of the trial court.

The record reveals the following facts and procedural history. The plaintiff owns the North Haven Shopping Center on Washington Avenue in North Haven. Property abutting the shopping center is owned by 97 Washington, LLC. North Haven Academy, LLC, is a tenant of 97 Washington, LLC. Sunrise 77 Associates was a predecessor in title to 97 Washington, LLC.

In January, 1978, the plaintiff, Sunrise 77 Associates and certain others entered into an easement agreement entitled "Mutual Grant, Cross Parking, Cross Easement and Maintenance Agreement" (mutual grant). The mutual grant was recorded in the North Haven land records. There have been no written or recorded amendments to the mutual grant.

In the mutual grant, the plaintiff, as owner, and The Stop and Shop Companies, Inc., as tenant, granted to

---

[1] The remaining counts were directed against other defendants and are not involved in this appeal. Accordingly, our references to the defendants throughout this opinion are to 97 Washington, LLC, and North Haven Academy, LLC, only.

[2] After the defendants filed their motions for summary judgment, the plaintiff filed an eleven count second amended complaint in which it reasserted the claims that had been advanced against the defendants in the original complaint. In the second amended complaint, the plaintiff's claims for injurious falsehood, slander of title, trespass and unjust enrichment were set forth in counts one, two, three and eleven, respectively. Accordingly, the court construed the defendants' motions for summary judgment as being directed at counts one, two, three and eleven of the second amended complaint.

Sunrise 77 Associates the right to cross over its easterly and southerly boundaries and the right to park vehicles on that portion of the plaintiff's property shown and designated on a site plan and survey. The rights set forth in the mutual grant were granted to each party, its heirs, successors and assigns forever. In the mutual grant, each party reserved the right to erect any buildings or improvements on its respective property.

In January, 2007, the plaintiff filed an amended complaint, alleging that the defendants obtained a change of use from the town of North Haven zoning authority in order to change their building from an office use to a vocational school use. In order to obtain the change of use, the plaintiff claimed, the defendants falsely represented to the zoning authority that they had an easement agreement entitling them to use 100 of the plaintiff's parking spaces. The plaintiff alleged that the mutual grant was invalid because it violated zoning regulations and because the defendants materially breached the terms of the mutual grant. Therefore, the plaintiff argued that the defendants had abandoned or terminated the mutual grant. Furthermore, the plaintiff claimed that the defendants had directed ninety vehicles to be parked in the plaintiff's parking spaces and that they continued to allow their business and nonbusiness invitees to use the spaces.

In their motions for summary judgment, the defendants asserted the right to park in these spaces by virtue of the recorded mutual grant. The defendants claimed that they had the right to park in the area defined in the mutual grant as "[p]roposed [p]arking." The court granted the defendants' motions for summary judgment, and this appeal followed.

On appeal, the plaintiff claims that the court (1) made an erroneous factual finding causing it to fail to review

the issues of abandonment and termination, (2) erroneously determined that 97 Washington, LLC, was a bona fide purchaser, (3) erroneously found that the boundaries of the proposed parking area were adequately defined and (4) failed to apply its own findings to the elements of each count. In essence, as made clear in its reply brief and at oral argument, the plaintiff claims that the rights granted to the defendants under the mutual grant were abandoned, or if not abandoned, that the scope of the defendants' use exceeded the grant. We disagree with the plaintiff's claims.

Our standard of review on an appeal from a summary judgment is well established. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Viola* v. *O'Dell*, 108 Conn. App. 760, 763–64, 950 A.2d 539 (2008).

"A material fact is a fact that will make a difference in the outcome of the case. . . . Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue . . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court . . . ." (Internal quotation

marks omitted.) *Byrne* v. *Burke*, 112 Conn. App. 262, 267–68, 962 A.2d 825, cert. denied, 290 Conn. 923, 966 A.2d 235 (2009). Our review of the trial court's decision to grant a motion for summary judgment is plenary. *Mazurek* v. *Great American Ins. Co.*, 284 Conn. 16, 27, 930 A.2d 682 (2007).

The plaintiff first claims that the court erroneously found that an individual named Vincent Longobardi was a former tenant of, instead of a predecessor in title to, 97 Washington, LLC. On the basis of this alleged error, the plaintiff maintains that the court failed to consider the actions of Longobardi in connection with the mutual grant and, therefore, improperly failed to review the issues of abandonment and termination. This claim fails for two reasons.

First, it is clear from the court's memorandum of decision that it understood that Longobardi was a predecessor in title to 97 Washington, LLC, and did not consider him to be a tenant. The court expressly referred to Longobardi as the "predecessor in title to 97 Washington, LLC," when discussing him in its decision and made no reference to him in any other capacity.

Moreover, the court adequately reviewed the issues of abandonment and termination and correctly concluded that the plaintiff failed to create any genuine issues of material fact as to the validity of the mutual grant. The plaintiff claims that Longobardi's erection of a building that cantilevered over the mutual parking area resulted in the termination and abandonment of the agreement. The court, however, concluded that this alleged conduct failed to provide "unequivocal evidence of [an] intent to abandon [the] rights to park on the plaintiff's parcels."[3] After a thorough review of the

---

[3] The abandonment of an easement requires "unequivocal and decisive acts clearly indicating an intent on the part of the owner of the easement to abandon the use of it." (Internal quotation marks omitted.) *Smith* v. *Muellner*, 283 Conn. 510, 527, 932 A.2d 382 (2007).

record, we agree with the court and conclude that the plaintiff's claim on appeal amounts to rearguments of the case in the trial court and are not sufficient to raise a genuine issue of material fact.

The plaintiff also claims that 97 Washington, LLC, was not a bona fide purchaser of its respective property because 97 Washington, LLC, was on constructive notice that the mutual grant had been abandoned by Longobardi. The plaintiff again focuses on Longobardi's construction of a building that encroached into the mutual parking area and argues that a proper visual inspection of the property purchased by 97 Washington, LLC, would have revealed that Longobardi was not honoring the mutual grant.

As set forth previously, the parties' right to erect buildings and improvements on their respective properties was expressly provided for in the mutual grant. Furthermore, the plaintiff has not provided any evidence of 97 Washington, LLC's alleged constructive notice, other than a conclusory statement contained in an affidavit submitted by its own counsel, Anthony E. Parent, in which he stated: "[A]ny purchaser, using due diligence would have discovered, from a plain viewing of the subject premises and from the map referred to on the North Haven land records, that the grant of land described as 'cross parking area' was not being honored at the time the defendant [97 Washington, LLC, bought] the property, and thus was [on] notice [that the] easement agreement . . . was not being honored." The plaintiff contends that this statement creates a genuine issue of material fact regarding whether 97 Washington, LLC, was a bona fide purchaser. We disagree.

"Although an affidavit by an expert may be considered in opposition to a motion for summary judgment, conclusory affidavits, even from expert witnesses, do not provide a basis on which to deny such motions."

(Internal quotation marks omitted.) *Buell Industries, Inc.* v. *Greater New York Mutual Ins. Co.*, 259 Conn. 527, 557, 791 A.2d 489 (2002). Accordingly, the plaintiff cannot avoid summary judgment in favor of the defendants on the basis of the conclusory assertion that any diligent purchaser would have been on notice of the fact that Longobardi had abandoned his interest in the mutual grant.

Finally, the plaintiff claims that the boundaries of the proposed parking area were described inadequately in the mutual grant, and, therefore, the agreement was unenforceable. The mutual grant expressly provided that the scope of the easement granted to Sunrise 77 Associates was limited to the area designated as "proposed parking" on a recorded survey. The court found that this survey referenced 176 parking spaces on the plaintiff's parcel of land and that there was no restriction on the number of vehicles that could be parked there. Furthermore, the court found that the survey demonstrated that at least 100 of these spaces were designated as " 'proposed parking.' "

The court did not find that the proposed parking area was the entire shopping center parking area, as the plaintiff argues, when it referred to the metes and bounds description of the plaintiff's parcel contained in the mutual grant. Instead, in response to an argument that the location of the easement was not adequately described, the court noted that this argument ignored the metes and bounds description expressed in the agreement as well as the reference to the survey. These two documents together demonstrate that the location of the proposed parking area within the bounds of the plaintiff's property was described adequately. The defendants have satisfied their burden of showing that there are no genuine issues of material fact as to any of the issues raised by the plaintiff. Consequently, the

trial court properly granted the defendants' motions for summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.