CHARLES D. GIANETTI *v.* CONNECTICUT
NEWSPAPERS PUBLISHING
COMPANY, INC., ET AL.
(AC 33025)

Gruendel, Robinson and Sullivan, Js.

Argued December 6, 2011—officially released June 5, 2012

*Charles D. Gianetti*, pro se, the appellant (plaintiff).

*Ravi V. Sitwala*, with whom were *Barbara M. Schellenberg* and, on the brief, *Stewart I. Edelstein, Austin D. Kim* and *Jonathan R. Donnellan*, for the appellees (defendants).

*Opinion*

SULLIVAN, J. The self-represented plaintiff, Charles D. Gianetti, appeals from the judgments of the trial court rendering summary judgments in favor of the defendants, Connecticut Newspapers Publishing Company, Inc., owner of the Connecticut Post (Post), Daniel Tepfer and Marion Brown. On appeal, the plaintiff claims that (1) the court improperly concluded that count one as to the Post, and counts one and two as to Tepfer, were barred by the statute of limitations; (2) the court erred by concluding that all of the statements that he complained of are either true, substantially true or protected by the "fair report" privilege; and (3) the trial court violated his rights to due process and a jury trial. We conclude that the court properly determined that there were no genuine issues of material fact in dispute and that the defendants were entitled to judgments as a matter of law. Accordingly, we affirm the judgments of the trial court.

The following facts and procedural history are relevant to our review of the plaintiff's appeal. In a previous matter, the plaintiff, a medical doctor, brought suit against, among others, the parents of a minor patient seeking the balance of a bill already settled by the patient's insurance company. "The plaintiff [claimed] that the reasonable and customary fee for the medical services provided was in the amount of $6385 and that

the insurance carrier paid a total of $1980.80 and accordingly there was a balance due in the amount of $4496.20." *Gianetti* v. *Siglinger*, Superior Court, judicial district of Fairfield, Docket No. CV-98-349830 (April 26, 2004) (36 Conn. L. Rptr. 869). In response, the parents asserted a counterclaim for violations of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. Id. The court ultimately ruled in favor of the defendants, finding that the plaintiff had a binding contractual agreement not to seek the sums claimed to be due from the patient and that the actions of the plaintiff constituted an unfair trade practice both in bringing the lawsuit and in continuing it. Id. The court awarded the patient punitive damages and attorney's fees. Id.

Here, Connecticut Newspapers Publishing Company, Inc., employs Tepfer and Brown as reporters. The Post published three articles regarding the plaintiff's billing practices, with the first appearing shortly after the *Siglinger* decision was released. The first article, written by Tepfer, was published on June 20, 2004. The second article, also written by Tepfer, was published on July 9, 2004. The third article, written by Brown, was published on December 23, 2005. Those articles gave rise to the present libel action.

The plaintiff filed his initial complaint[1] on July 10, 2006, claiming defamation and negligent infliction of emotional distress. On September 14, 2009, the defendants moved for summary judgments. The Post argued that count one of the complaint against it is barred by the statute of limitations. Tepfer argued that counts one and two of the complaint against him are barred by the

[1] This appeal stems from two libel actions that arose from the publication of articles written by Tepfer and Brown and published by the Post. Because the motions for summary judgment filed in both actions raised virtually identical arguments, the court addressed them in a single memorandum of decision.

statute of limitations. Additionally, all of the defendants argued "that there [were] no genuine issue[s] of material fact that: (1) the alleged libelous statements [were] true or substantially true; (2) the articles [were] protected by the 'fair report' privilege; (3) the claim fail[ed] under the 'incremental harm' doctrine; (4) the plaintiff [did] not [allege] actual malice as required in order for him to prevail; [and] (5) the emotional distress claim, being wholly derivative of the libel claims, must therefore also fail."

On November 30, 2010, the court issued its memorandum of decision in which it rendered judgments in favor of the defendants. First, the court agreed with the Post that the plaintiff's first count, which alleged libel based on the June 20, 2004 article, was barred by the statute of limitations. Second, the court agreed with Tepfer that counts one and two, which alleged libel based on the June 20, 2004 and the July 9, 2004 articles, were barred by the statute of limitations. Third, the court agreed that all of the statements that the plaintiff complained of either were true or substantially true and therefore were protected by the "fair report" privilege. Fourth, the court agreed with Brown that count three, which alleged libel based on the December 23, 2005 article, had no merit, as the article did not contain any libelous statements. Finally, the court concluded that because count four, which alleged negligent infliction of emotional distress, is derivative of the libel allegations, it, too, failed. This appeal followed.

We agree with both parties that the standard of review for each claim is plenary. "Our standard of review on an appeal from a summary judgment is well established. Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In

deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . .

"A material fact is a fact that will make a difference in the outcome of the case. . . . Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue . . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court . . . . Our review of the trial court's decision to grant a motion for summary judgment is plenary." (Citations omitted; internal quotation marks omitted.) *Luciano Realty Partners* v. *New Haven Academy, LLC*, 119 Conn. App. 522, 526–27, 988 A.2d 930 (2010).

On our review of the pleadings, affidavits and other proof submitted, we are persuaded that the court properly determined that no genuine issues of material fact exist. First, the court held that libel based on the June 20, 2004 article was barred by the statute of limitations. The marshal's return is silent as to when service of process was received from the plaintiff, and, thus, does not comply with the provisions set forth in General Statutes § 52-593a (b).[2] See *Zarillo* v. *Peck*, 33 Conn. Sup. 676, 678–79, 366 A.2d 1165, cert. denied, 171 Conn. 731, 357 A.2d 515 (1976).

---

[2] General Statutes § 52-593a (b) provides: "In any such case, the officer making service shall endorse under oath on such officer's return the date of delivery of the process to such officer for service in accordance with this section."

The trial court properly determined that count one as to the Post, and counts one and two as to Tepfer, were barred by the statute of limitations. Section 52-593a[3] only extends the period of time for the serving officer to make the delivery. Process must still be received by the serving officer on time. In other words, the plaintiff must get the process to the serving officer within the period allowed by the statute. The statute of limitations for bringing a libel action is two years from the date of the act complained of. General Statutes § 52-597.[4] The period began when the article in question was published, June 20, 2004, and ended two years later on June 20, 2006. The marshal's return reflected that the complaint was served on July 7, 2006; it was therefore late. The plaintiff, however, contends that he mailed the process to the marshal on June 9, 2006, which is within the acceptable time period. Although the plaintiff is permitted to mail the process to the marshal, the determinative standard is when the marshal receives the process, not when it is mailed. "All that § 52-593a requires, on the other hand, is that the process be personally delivered. It does not require that the delivery be made by the plaintiff, his attorney, or any particular individual. The person making the delivery has no statutory role to perform respecting the delivery. He is neither required nor permitted to endorse his doings on the return. In addition, the statute does not detail the manner of making delivery. The word 'deliver' includes a handing over for the purpose of taking even though both acts do not occur simultaneously. . . . Although delivery by mail is not mentioned

[3] General Statutes § 52-593a (a) provides in relevant part: "[A] cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to a state marshal, constable or other proper officer within such time and the process is served, as provided by law, within thirty days of the delivery."

[4] General Statutes § 52-597 provides: "No action for libel or slander shall be brought but within two years from the date of the act complained of."

in the extension statute, such delivery is not precluded. The fact that the extension statute becomes operative only where the process has been delivered before the running of the statute of limitations, and the fact that the serving officer is required to attest to the date of delivery suggest that the purpose of the statute is to ensure that the process is received on time by the officer. The word 'personally' means in a personal manner; Webster, Third New International Dictionary; in person, World Book Encyclopedia Dictionary. For something to be delivered in person it must be so delivered as to come into the possession of the person to whom it is to be delivered. Thus, where a delivery of process is to be made by mail, it has not been personally delivered until it has been received in person by the serving officer, at which point he can so attest." (Citation omitted.) *Zarillo* v. *Peck*, supra, 33 Conn. Sup. 678–79.

The marshal's return is silent as to when it was received from the plaintiff, and, thus, does not comply with the provisions of § 52-593a (b).[5] Although we take no position on whether an amended return or affidavit of the marshal would have had a curative effect, the plaintiff failed to submit such an amended return or affidavit confirming receipt prior to June 20, 2006. A plaintiff relying upon a "saving statute" must demonstrate compliance with its provisions. See *Vessichio* v. *Hollenbeck*, 18 Conn. App. 515, 519, 558 A.2d 686 (1989). Because the plaintiff failed to establish a genuine issue of material fact as to his compliance with the provisions of § 52-593a, the court properly rendered summary judgment as to count one of the complaint against the Post.[6]

---

[5] See footnote 2 of this opinion.

[6] As the court correctly noted, once the defendant has raised the statute of limitations as a defense and has established conclusively that service was made outside the period within which an action must have been commenced, it becomes incumbent upon the plaintiff to establish that the action is saved by application of § 52-593a.

The plaintiff also argues that even if the statute does not "save" the claim, the defendants waived their statute of limitations defense because they did not raise it within thirty days. This argument has no merit. A statute of limitations defense is not subject to the limiting waiver rule. See Practice Book § 10-32.[7] Generally, such defenses are appropriately raised as special defenses, as it was here, and not in motions to dismiss. See, e.g., *Ross Realty Corp.* v. *Surkis*, 163 Conn. 388, 391, 311 A.2d 74 (1972).

Second, the court agreed with Tepfer that counts one and two, libel based on the June 20, 2004 and the July 9, 2004 articles, were barred by the statute of limitations. The court held that this case is controlled by our decision in *Davis* v. *Family Dollar Store*, 78 Conn. App. 235, 241–42, 826 A.2d 262 (2003), appeal dismissed, 271 Conn. 655, 859 A.2d 25 (2004). We agree. The court correctly noted that "[w]hen the first action was filed, there was no service at all upon Tepfer. There is no indication of any attempted service upon Tepfer. As the court noted when it denied the plaintiff's request for [an] order of notice, the summons itself provided an alternative work address for Tepfer. There is no evidence or reason to conclude that Tepfer was aware of the claims prior to the expiration of the statute of limitations. Tepfer did not appear through counsel until well past the expiration date. Putting the defendant's name on a summons is a meaningless act when absolutely nothing is done to effectuate service."

Third, the court concluded that all of the statements that the plaintiff complains of are either true, substantially true, or protected by the "fair report" privilege. On appeal, the plaintiff argues that the court erred in

---

[7] Practice Book § 10-32 provides: "Any claim of lack of jurisdiction over the person or improper venue or insufficiency of process or insufficiency of service of process is waived if not raised by a motion to dismiss filed in the sequence provided in [other sections]."

its findings that the defenses of substantial truth and the fair reporting privilege applied. However, as the court properly explained, "[n]otably, our courts have held that only 'substantial truth' need be shown by a defendant. . . . A defendant may show only that the 'main charge, or gist, of the libel' is true. [*Goodrich* v. *Waterbury Republican-American, Inc.*, 188 Conn. 107, 113, 448 A.2d 1317 (1982)]. If he succeeds, he does not have to further justify statements that 'do not add to the sting of the charge.' Id." (Citation omitted.) We agree.

Fourth, the plaintiff argues in his appeal for the first time that the court violated his constitutional rights to due process and a jury trial in rendering summary judgments in favor of the defendants. He failed to assert such a claim in the trial court and did not therefore preserve the claim at trial. The plaintiff has not acknowledged his failure to preserve the claim and has not requested that we review the claim under *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989). Because this issue was not timely raised, we decline to afford it review. See *State* v. *Barnett*, 53 Conn. App. 581, 598–99, 734 A.2d 991, cert. denied, 250 Conn. 918, 738 A.2d 659 (1999).

The judgments are affirmed.

In this opinion the other judges concurred.