******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DONNIE DICKERSON, ADMINISTRATOR
(ESTATE OF MYRA DICKERSON)
*v.* JAYNE F. PINCUS ET AL.
(AC 34993)

Beach, Alvord and Harper, Js.

*Argued September 9—officially released December 9, 2014*

(Appeal from Superior Court, judicial district of
Fairfield, S. Richards, J.)

*Alinor C. Sterling*, with whom were *Adele R. Jacobs*
and, on the brief, *Brenden P. Leydon, Steven D. Ecker*
and *M. Caitlin S. Anderson*, for the appellants
(plaintiffs).

*Lorinda S. Coon*, with whom, on the brief, was *Liam
M. West*, for the appellee (defendant Connecticut Health
of Greenwich, LLC).

*Opinion*

BEACH, J. The plaintiff Donnie Dickerson, individually and as administrator of the estate of Myra Dickerson, appeals from the trial court's granting of the motion to dismiss filed by the defendant Connecticut Health of Greenwich, LLC.[1] The plaintiff claims that the court erroneously held that General Statutes § 52-593a did not save this action from dismissal.[2] We agree and thus reverse the judgment of the trial court.

By complaint dated October 18, 2010, the plaintiff brought a wrongful death action pursuant to General Statutes § 52-555[3] against the defendant, as well as against Jayne F. Pincus and Connecticut Health Facilities, Inc. Section 52-555 (a) provides that wrongful death actions must be brought "within two years from the date of death . . . ." Civil actions are commenced by service of process. General Statutes § 52-45a. An action generally is "brought" against a defendant on the date on which the writ is served on that defendant. *Hillman* v. *Greenwich*, 217 Conn. 520, 527, 587 A.2d 99 (1991).

The decedent died on July 22, 2008. The plaintiff petitioned for and received a ninety day automatic extension of the statute of limitations; see General Statutes § 52-190a (b); and, therefore, was required to serve the complaint on the defendant by October 20, 2010. The marshal's original return of service did not specify the date on which the marshal received the summons and complaint. Under the heading "County of Fairfield / ss: Bridgeport / Date: October 19, 2010," the marshal stated that he "made service of the within and foregoing original Summons—Civil, Complaint," on Pincus.[4] Under the heading "County of Litchfield / ss: Suffield / Date: October 28, 2010," the marshal stated that he "then made further service of the within original by leaving a true and attested copy" at the abode of a person who apparently was an agent of the defendant.

The defendant filed a motion to dismiss the plaintiff's action against it for lack of subject matter jurisdiction[5] on the ground that the plaintiff had failed to commence the action within the two year statute of limitations set forth by the wrongful death statute, § 52-555 (a). In the memorandum of law attached to the motion to dismiss, the defendant argued that the court lacked subject matter jurisdiction because the defendant was served with the summons and complaint on October 28, 2010. This date was outside the statute of limitations and the ninety day extension, which had the effect of requiring the plaintiff to commence the action by October 20, 2010. In opposition, the plaintiff argued that he had placed the summons and complaint in the hands of the marshal prior to the expiration of the limitations period, as evidenced by the marshal's affidavit attached to the return, and that service was timely completed within thirty days of the date on which the marshal had received the

summons and complaint.

On July 16, 2012, the court granted the motion to dismiss. The court concluded that the action was not saved by § 52-593a, which provides that a cause of action shall not be lost if process is delivered to the marshal within the limitations period and the marshal serves it within thirty days of delivery to him. The court reasoned that the marshal's return, which the court stated was silent as to the date of delivery of process to the marshal, failed to comply with § 52-593a (b), which requires the marshal to "endorse under oath on [his] return the date of delivery of the process to such officer for service . . . ."[6] This appeal followed.

The plaintiff claims that the court erroneously held that § 52-593a did not save the action from dismissal. He argues that the original return is not silent as to the date of delivery to the marshal, but, rather, in the return, the marshal attested that he served the summons and complaint on Pincus on October 19, 2010, and from that it is clear that process had been delivered to the marshal before the expiration of the statute of limitations on October 20, 2010. We agree; because the return certified that a copy of the "within original" had been served on the defendant on October 28, 2010, the action was saved.

"The standard of review for a court's decision on a motion to dismiss [under Practice Book § 10-31 (a) (1)] is well settled. A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo. . . . When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In undertaking this review, we are mindful of the well established notion that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Citations omitted; internal quotation marks omitted.) *Dayner* v. *Archdiocese of Hartford*, 301 Conn. 759, 774, 23 A.3d 1192 (2011).

Section 52-593a provides in relevant part: "(a) . . . a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to a state marshal, constable or other proper officer within such time and the process is served, as provided by law, within thirty days of the delivery. (b) In any such case, the officer making service shall endorse under oath on such officer's return the date of delivery of the process to such officer for service in accordance with this section." The record in the trial court demonstrates that the requirements of the savings statute, § 52-593a (a), were satisfied. Subsection (a)

required that process was to be personally delivered to a proper officer before the statute of limitations ran on October 20, 2010, and, further, required that the officer serve the defendant with process within thirty days of delivery to him. The return is not silent as to the date of delivery to the marshal. Although the return should have complied with the direction of § 52-593a (b) to include the date of delivery to the marshal, it nonetheless left no reasonable question as to what had occurred. It is clear from the marshal's return that the marshal received the summons and complaint prior to the expiration of the statute of limitations, as extended by § 52-190a, and that the marshal served process on the defendant within thirty days of delivery to him. In the return, the marshal stated under the heading "October 19, 2010," "I made service of the within and foregoing original Summons—Civil, Complaint . . . ." The attached "foregoing original" named Pincus, Connecticut Health of Greenwich, LLC, and Connecticut Health Facilities, Inc., as defendants. Under the heading "October 28, 2010," the marshal stated: "I then made *further service* of the *within original*" on the defendant. (Emphasis added.) There is only one reasonable interpretation of the phrase "further service of the within original . . . ." This phrase obviously referenced the summons and complaint that the marshal served on Pincus on October 19, 2010, and which named Connecticut Health of Greenwich, LLC, as a defendant. The marshal signed the return next to the word "attest." There is a presumption of truth afforded to the statements in the marshal's return. *Knipple* v. *Viking Communications, Ltd.*, 236 Conn. 602, 607 n.9, 674 A.2d 426 (1996). The only reasonable inference from the documents in the court file is that on October 19, 2010, the day before the extended statute of limitations expired, the marshal had in his possession the original summons and complaint, a copy of which was served on the defendant on October 28, 2010.

It is also clear that the marshal received the summons and complaint on October 19, 2010. The plaintiff's attorney signed the summons and under "date signed" typed: "October 19, 2010." A trial court may rely on representations of attorneys, who are officers of the court and are obligated to make truthful statements of law and fact. *State* v. *Chambers*, 296 Conn. 397, 419, 994 A.2d 1248 (2010). The summons was signed on October 19, 2010, and the marshal served process of the summons and complaint on Pincus on October 19, 2010. The summons states: "TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint." The summons attached to the return is signed by the plaintiff's attorney; logically, the marshal must have served Pincus after the plaintiff's attorney signed the summons, all of which occurred on October 19, 2010.[7]

The marshal's failure to comply with the requirements of subsection (b) of § 52-593a does not preclude the application of the savings statute in this case. As the plaintiff argues in his brief, the provisions of subsection (b) are directory rather than mandatory, and the failure of the marshal to include the date of delivery in the return is not a fatal jurisdictional defect depriving the plaintiff of his day in court.

"The test to be applied in determining whether a statute is mandatory or directory is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. . . . If it is a matter of substance, the statutory provision is mandatory. If, however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words." (Internal quotation marks omitted.) *State* v. *Murray*, 254 Conn. 472, 489, 757 A.2d 578 (2000).

The essence of "the thing to be accomplished" in § 52-593a is to allow an action to be brought even though process is served after the expiration of the limitations period, when process is delivered to the marshal within the limitations period and the marshal serves process within thirty days of delivery. "[Section] 52-593a is a remedial provision that allows the salvage of an [action] that otherwise may be lost due to the passage of time. . . . [R]emedial statutes must be afforded a liberal construction in favor of those whom the legislature intended to benefit." (Citations omitted; internal quotation marks omitted.) *Dorry* v. *Garden*, 313 Conn. 516, 533, 98 A.3d 55 (2014). "Our preference is to avoid a termination of proceedings due to mere technical imperfection." *Kobyluck* v. *Planning & Zoning Commission*, 84 Conn. App. 160, 166, 852 A.2d 826, cert. denied, 271 Conn. 923, 859 A.2d 579 (2004); see also *Concept Associates, Ltd.* v. *Board of Tax Review*, 229 Conn. 618, 623–24, 642 A.2d 1186 (1994) (concluding that General Statutes § 52-72 permitted amendment of return date).

Subsection (b) of § 52-593a does not address the essence of the thing to be done, which, in this case, was delivery to the marshal within the period of limitations; rather, it provides the manner in which compliance with subsection (a) of § 52-593a is supposed to be shown. Although the marshal's return did not satisfy the requirements of subsection (b),[8] there is no question but that the process was delivered to the marshal on October 19, 2010, within the statute of limitations, as extended, and that the marshal served the defendant nine days later, on October 28, 2010. The purpose of the remedial savings statute would not be served by prohibiting the plaintiff from bringing the action only

because the marshal did not perfectly fill out the marshal's return, as provided in subsection (b), when it is nonetheless clear from the marshal's return in this case that the marshal received the summons and complaint within the limitations period and served it on the defendant within thirty days, as required by subsection (a). Accordingly, the trial court erred in determining that § 52-593a did not apply so as to save the action. See also *Dorry* v. *Garden*, supra, 313 Conn. 533.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

[1] Jayne F. Pincus and Connecticut Health Facilities, Inc., were also named as defendants in the complaint. Connecticut Health of Greenwich, LLC, filed this appeal and is the only defendant participating in the appeal. For ease of reference, we refer to Connecticut Health of Greenwich, LLC, as the defendant.

[2] The plaintiff also claims that the court erred in denying his motion for permission to file an amended return. Because we conclude that the court erred in granting the motion to dismiss, we need not address this claim.

[3] General Statutes § 52-555 (a) provides: "In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses, provided no action shall be brought to recover such damages and disbursements but within two years from the date of death, and except that no such action may be brought more than five years from the date of the act or omission complained of."

[4] The return also stated that service was made on Connecticut Health Facilities, Inc.; the date written in the heading corresponding to that service was October 28, 2010.

[5] Because the action was intended to be brought pursuant to § 52-555, a statutory cause of action that expressly includes a limitation of action, subject matter jurisdiction is implicated. See *Ecker* v. *West Hartford*, 205 Conn. 219, 233, 530 A.2d 1056 (1987).

[6] On July 24, 2012, the plaintiff filed an amended return, which differed from the original return in that in the amended return, the marshal additionally stated: "On October 19, 2010, the Summons—Civil and Complaint in the within action was picked up personally by me from the law offices of Adele Jacobs Esq. for service upon the defendants named herein." The plaintiff filed a motion for reconsideration and reargument, which the court denied. On August 6, 2012, the plaintiff filed a motion for permission to amend the marshal's return, which the court also denied.

[7] There is no suggestion of any fraud or mistake in the preparation of papers filed in the court.

[8] A comparison between the facts of this case and those of *Gianetti* v. *Connecticut Newspapers Publishing Co.*, 136 Conn. App. 67, 44 A.3d 191, cert. denied, 307 Conn. 923, 55 A.3d 567 (2012), is instructive. In *Gianetti*, there was no evidence that the marshal had received the process within the prescribed period; id., 72; in those circumstances, the failure of the marshal to include the date of delivery in the return of process was fatal. Id., 74. This court mentioned the duty of the marshal to comply with the requirements of § 52-593a (b) and that the plaintiff had not shown the marshal's compliance with subsection (b). Id., 72. The court went on, however, to discuss in some detail whether proof of mailing the process to the marshal constituted delivery for the purpose of the saving statute. Id., 73. Such discussion would have been entirely immaterial had the only dispositive question been the marshal's compliance with § 52-593a (b). The court in *Gianetti* further noted that because no amended return or affidavit had been filed, it did not have to decide whether an amended return or affidavit would have sufficed to cure the defect. Id., 74. In the present case, an amended return was sought to be filed.