******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ANTHONY JOHNSON *v.* BRIAN PRELESKI, STATE'S
ATTORNEY
(AC 38583)

DiPentima, C. J., and Keller and Beach, Js.

*Argued February 6—officially released June 27, 2017*

(Appeal from Superior Court, judicial district of New
Britain, Young, J.)

*Daniel M. Erwin*, with whom, on the brief, was *Norman A. Pattis*, for the appellant (petitioner).

*Timothy J. Sugrue*, assistant state's attorney, with
whom, on the brief, were *Brian W. Preleski*, state's
attorney, and *Christian M. Watson*, assistant state's
attorney, for the appellee (respondent).

*Opinion*

KELLER, J. The petitioner, Anthony Johnson, appeals from the judgment of the trial court dismissing his petition for a new trial brought against the respondent, Brian Preleski, the state's attorney for the judicial district of New Britain. The petitioner claims that, in concluding that the petitioner's action was time barred under General Statutes § 52-282, the court improperly rejected his argument that General Statutes § 52-593a saved his cause of action. We affirm the judgment of the trial court.

The following facts and procedural history underlie this appeal. In 2011, following a jury trial, the petitioner was convicted of murder. On August 5, 2011, the defendant was sentenced to a term of incarceration of forty-five years. This court affirmed the judgment of conviction following the petitioner's direct appeal. *State* v. *Johnson*, 149 Conn. App. 816, 89 A.3d 983, cert. denied, 312 Conn. 915, 93 A.3d 597 (2014).

On August 6, 2014, the petitioner commenced the underlying action, a petition for a new trial based on newly discovered evidence under General Statutes § 52-270,[1] against the respondent when a state marshal, Charles J. Lilley, served process on the respondent. On August 28, 2014, the respondent moved to dismiss the petition on the ground that it was time barred under § 52-582[2] because it was not commenced within the three year limitation period, which began to run when the petitioner was sentenced on August 5, 2011, and ended on August 5, 2014. The petitioner objected to the motion to dismiss. First, he argued that he delivered the writ, summons, and petition to the marshal on August 5, 2014, prior to the expiration of the three year limitation period codified in § 52-582. Second, he argued that § 52-593a[3] applied because it provided a thirty day remedial period in which service may be made after such time as process has been delivered, within the statutory time limit, to a marshal. Thus, the petitioner argued, his petition should not be dismissed. As a special defense to the petition, the respondent asserted that the petition was barred by § 52-582 and that § 52-593a did not save the action "because the process was not 'personally delivered' to a state marshal pursuant to [§ 52-593a (a)] and the state marshal in this case failed to 'endorse under oath on his return the date of delivery of the process' pursuant to § 52-593a (b)." In his reply to the special defense, the petitioner alleged that the petition was "served in substantial conformity" with § 52-593a.

Over the course of two days, the court held a hearing on the motion to dismiss. The petitioner presented testimony from two witnesses concerning the circumstances under which process was delivered to Lilley. The first witness was Donna Peat, the office manager of the Pattis Law Firm, which represented the petitioner

in connection with his petition for a new trial. The second witness was Lilley, the Connecticut state marshal who, in this matter, served process on the respondent on August 6, 2014.

During her brief examination, Peat testified that on August 5, 2014, she faxed "a summons and complaint" in the present action to Lilley's office. She testified that the fax cover sheet[4] admitted into evidence reflected that the transmission was competed at 5:01 p.m. that day, but that she did not have any personal knowledge with respect to whether, on that day, Lilley personally received the documents.[5] Peat testified that Lilley's office "confirmed that they served it the following morning."

Lilley, referring to the fax cover sheet admitted into evidence, testified that, by means of his fax machine, he "received" the complaint in this matter on August 5, 2014, at 5:01 p.m. He went on to explain, however, that he did not have any independent knowledge or recollection as to whether, on that date, he received the documents at issue "personally," had "custody" of the documents at issue, or "physically held" the documents at issue in his hands. Lilley testified that he served the complaint in this matter on August 6, 2014.

During argument on the motion to dismiss, the parties agreed that § 52-582 was the statute of limitations governing the case and that it began to run on August 5, 2011. The parties agreed that the issue before the court concerned the application of the savings statute, § 52-593a, and, specifically, whether, under subsection (a) of the statute, process was personally delivered to a state marshal on or before August 5, 2014. The parties disagreed, however, with respect to what constituted personal delivery. The petitioner argued that he demonstrated by the evidence presented at the hearing on the motion to dismiss that personal delivery occurred on August 5, 2014; the respondent argued that such a showing had not been made. Additionally, as it relates to the applicability of § 52-593a, the respondent argued, and the petitioner agreed, that the marshal's return did not strictly satisfy subsection (b) of the statute because it did not specify the date on which process had been delivered to the marshal.[6] The petitioner urged the court to conclude that he could satisfy this requirement by means of Lilley's testimony, but acknowledged that he was unaware of any authority that supported that proposition.

Later, the parties submitted briefs to the court in support of their respective arguments in support of and in opposition to the respondent's motion to dismiss. The respondent made clear that he did not dispute that Peat sent process to Lilley's office via fax on August 5, 2014, and that the fax successfully arrived at Lilley's office. The respondent, however, argued that because Lilley testified that he was unable to verify that he

personally received the process on August 5, 2014, the petitioner was unable to avail himself of the remedy provided by § 52-593a. The petitioner, arguing that § 52-593a applied, urged the court to conclude that the remedial nature of § 52-593a weighed in favor of a liberal interpretation of the statute. The petitioner argued that the requirement set forth in § 52-593a (b), that the officer serving process endorse the date that process was delivered to him on his return, is directory and not mandatory. Relying on the evidence presented at the hearing, the petitioner argued that the date of delivery was August 5, 2014. Additionally, the petitioner argued that the policies underlying the statute of limitations and the saving statute were satisfied because process had been delivered timely to Lilley and that he served the petition within thirty days thereafter.

In relevant part, the court summarized the following undisputed facts in its memorandum of decision: "The petitioner was convicted of murder and sentenced on August 5, 2011. Pursuant to § 52-282, the petitioner had until August 5, 2014, to file a petition for a new trial. On that date, the office manager of the petitioner's counsel sent the writ, summons, and petition (process) by facsimile (fax) to the state marshal's office at 4:59 p.m. The marshal does not recall receiving the process that day or when he received the fax. The marshal's return . . . does not indicate when the marshal received the process for service. The marshal served the process on the respondent the following day, August 6, 2014." The court observed that, because an action is commenced on the date of service of the writ, service had not been made within the three years of the date of sentencing and, thus, service occurred outside of the applicable statute of limitations.

With respect to the dispositive issue, namely, the applicability of § 52-593a, the court observed that the petitioner did not provide the court with any support for the proposition that faxing process to Lilley's office was the equivalent of personally delivering process to him. The court determined that Lilley's failure to comply with § 52-593a (b) by endorsing on the return the date that process had been delivered to him was not a fatal defect, yet this omission harmed the petitioner because it deprived the court of evidence that delivery of process to Lilley had occurred prior to the expiration of the three year statutory period. Also, the court stated that, "[h]ere, the marshal testified that he did not know whether he personally received the process on August 5, 2014, and would be unable to comply with § 53-593a (b)."

The court concluded: "Had the petitioner served the process on the respondent on or before August 5, 2014, in compliance with § 52-582, the action would have been timely commenced. Had the petitioner arranged to have the process personally delivered to the marshal or had

the marshal indicated the date he received service on the return as required by § 52-593a, the action would have been saved.

"In the absence of any authority which finds the faxing of process to be personal delivery and in the absence of any evidence that the marshal received the process on the date it was faxed, the court finds in favor of the respondent on its special defense that § 52-582 bars the petition. The petition for a new trial is dismissed."

Reiterating the arguments that the petitioner raised before the trial court, he argues that the court erroneously interpreted the requirement in § 52-593a (a) that "the process to be served is personally delivered to a state marshal" to preclude the type of delivery that occurred in the present case. The petitioner argues "that the undisputed evidence demonstrating the petitioner's delivery to [Lilley's] office by facsimile on August 5 is a sufficient basis upon which to receive the benefit of § 52-593a." The petitioner argues that (1) because the statute is remedial in nature, it should be interpreted liberally to afford relief in the present circumstances; (2) Lilley's failure to endorse the return in accordance with § 52-593a (b) should not preclude the petitioner from availing himself of the benefit of § 52-593a because the requirement at issue is directory and not mandatory, and he presented evidence to demonstrate that personal delivery occurred on August 5, 2014; and (3) in the present circumstances, permitting the petition to be heard would not thwart the policies underlying the statute of limitations or undermine the reliability of the fact-finding process. The respondent argues that the court properly interpreted § 52-593a in dismissing the petition.[7]

"The standard of review for a court's decision on a motion to dismiss is well settled. A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo. . . . The issue [of whether an action is timely] . . . pursuant to the savings provision in § 52-593a, is one of statutory construction, and is therefore a question of law over which we employ plenary review. . . . The process of statutory interpretation involves the determination of the meaning of the statutory language as applied to the facts of the case, including the question of whether the language does so apply. . . .

"When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the

text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation." (Citations omitted; internal quotation marks omitted.) *Tayco Corp.* v. *Planning & Zoning Commission*, 294 Conn. 673, 679, 986 A.2d 290 (2010).

Section 52-593a is remedial in nature as its "intended to prevent a party from losing the right to a cause of action because of untimely service on the part of the marshal by giving the marshal additional time in which to effect proper service on the party in question." (Emphasis omitted.) Id., 682. The statute evinces "[t]he legislature's policy of avoiding the unfairness that would result from holding a plaintiff responsible for a failure of service that is attributable to the marshal rather than the litigant . . . ." Id., 682 n.10.

A petition for a new trial brought pursuant to § 52-270 is subject to the statute of limitations codified in § 52-582, which provides in relevant part that "no petition for a new trial in any . . . criminal proceeding shall be brought but within three years next after the rendition of the judgment . . . complained of . . . ." In a criminal case, the date of rendition of judgment is the date of imposition of the sentence by the trial court. *Summerville* v. *Warden*, 229 Conn. 397, 426, 641 A.2d 1356 (1994); *State* v. *Coleman*, 202 Conn. 86, 89, 519 A.2d 1201 (1987).

The petitioner urges us to conclude that he demonstrated that, on August 5, 2014, within the three year limitation period, he personally delivered to Lilley the process to be served. Section 52-593a (a) provides in relevant part that "a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served *is personally delivered to a state marshal* . . . within such time and the process is served, as provided by law, within thirty days of the delivery." (Emphasis added.)

The resolution of the petitioner's claim hinges on the meaning of the phrase "personally delivered to a state marshal" in § 52-593a. This phrase has been the subject of interpretation by this court. In *Gianetti* v. *Connecticut Newspapers Publishing Co.*, 136 Conn. App. 67, 44 A.3d 191, cert. denied, 307 Conn. 923, 55 A.3d 567 (2012), this court considered whether certain counts of the plaintiff's cause of action were saved by § 52-593a. It was undisputed in *Gianetti* that service was untimely; the applicable limitation period expired on June 20, 2006, and the marshal's return indicated that process was served on July 7, 2006. Id., 73. The plaintiff argued

that § 52-593a afforded him relief because he mailed the process to be served to the marshal within the limitation period, on June 9, 2006. Id.

In rejecting the plaintiff's claim in *Gianetti*, this court stated: "Section 52-593a only extends the period of time for the serving officer to make the delivery. Process must still be received by the serving officer on time. In other words, the plaintiff must get the process to the serving officer within the period allowed by the statute [of limitations]. . . . Although the plaintiff is permitted to mail the process to the marshal, the determinative standard is when the marshal receives the process, not when it is mailed. 'All that § 52-593a requires . . . is that the process be personally delivered. It does not require that the delivery be made by the plaintiff, his attorney, or any particular individual. The person making the delivery has no statutory role to perform respecting the delivery. He is neither required nor permitted to endorse his doings on the return. In addition, the statute does not detail the manner of making delivery. The word "deliver" includes a handing over for the purpose of taking even though both acts do not occur simultaneously. . . . Although delivery by mail is not mentioned in the extension statute, such delivery is not precluded. The fact that the extension statute becomes operative only where the process has been delivered before the running of the statute of limitations, and the fact that the serving officer is required to attest to the date of delivery suggest that the purpose of the statute is to ensure that the process is received on time by the officer. The word "personally" means in a personal manner . . . in person . . . . For something to be delivered in person it must be so delivered as to come into the possession of the person to whom it is to be delivered. Thus, where a delivery of process is to be made by mail, it has not been personally delivered until it has been received in person by the serving officer, at which point he can so attest.' " (Citations omitted; footnote omitted.) Id., 73–74.[8]

Thus, this court has interpreted "personally delivered," as used in § 52-593a, to require receipt in person or, stated otherwise, a showing that the item to be delivered has come into the physical possession of the person to whom it is to be delivered. Applying the interpretation of the statute set forth in *Gianetti* to the facts of the present case, we conclude that the undisputed evidence, that the petitioner's counsel transmitted process to Lilley's office on August 5, 2014, by means of a fax machine, fell short of demonstrating that process was personally delivered to Lilley on August 5, 2014. The act of transmitting a facsimile, like the act of mailing in *Gianetti*, established that the process to be served was *sent* to Lilley on August 5, 2014, but did not shed any light on whether the process to be served came into Lilley's *possession* on August 5, 2014. Neither Lilley's return[9] nor the testimony presented during the hearing

clarified the issue. Cf. *Doe* v. *West Hartford*, 168 Conn. App. 354, 367–68, 147 A.3d 1083 (genuine issue of material fact existed with respect to availability of § 52-593a), cert. granted, 323 Conn. 936, 151 A.3d 384 (2016).

Due to its remedial nature, § 52-593a should be interpreted liberally in favor of those whom the legislature intended to benefit. See *Dorry* v. *Garden*, 313 Conn. 516, 533, 98 A.3d 55 (2014). Yet, this approach does not require us to vitiate clear statutory requirements, thus rendering meaningless the thing to be accomplished by the statute. As this court has observed, "[a] plaintiff relying upon a 'saving statute' must demonstrate compliance with its provisions." *Gianetti* v. *Connecticut Newspapers Publishing Co.*, supra, 136 Conn. App. 74. Because we conclude that the petitioner failed to demonstrate that process, *in any form*, was personally delivered to a state marshal within the limitation period, we conclude that the petitioner is unable to avail himself of the relief afforded by § 52-593a. The court properly dismissed the action.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] "A petition for a new trial is collateral to the action in which a new trial is sought. . . . In an action on a petition for [a] new trial, a petitioner is not a criminal defendant but, rather, is a *civil* petitioner. . . . A proceeding on a petition for [a] new trial, therefore, is not a criminal action. Rather, it is a distinct proceeding that is commenced by the service of civil process and is prosecuted as a civil action." (Citations omitted; emphasis in original.) *Small* v. *State*, 101 Conn. App. 213, 217, 920 A.2d 1024 (2007), appeal dismissed, 290 Conn. 128, 962 A.2d 80, cert. denied, 558 U.S. 842, 130 S. Ct. 102, 175 L. Ed. 2d 68 (2009).

We observe that "[c]hapter 896, General Statutes § 52-45 et seq., governs civil process. Chapter 896 requires that 'a proper officer' must serve on each defendant a 'true and attested copy' of process. See, e.g., General Statutes §§ 52-57, 52-59b, 52-59c, 52-63 and 52-64." (Footnote omitted.) *Francis* v. *Fonfara*, 303 Conn. 292, 299, 33 A.3d 185 (2012).

[2] General Statutes § 52-582 provides: "No petition for a new trial in any civil or criminal proceeding shall be brought but within three years next after the rendition of the judgment or decree complained of, except that a petition based on DNA (deoxyribonucleic acid) evidence that was not discoverable or available at the time of the original trial may be brought at any time after the discovery or availability of such new evidence."

[3] General Statutes § 52-593a provides: "(a) Except in the case of an appeal from an administrative agency governed by section 4-183, a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to a state marshal, constable or other proper officer within such time and the process is served, as provided by law, within thirty days of the delivery.

"(b) In any such case, the officer making service shall endorse under oath on such officer's return the date of delivery of the process to such officer for service in accordance with this section."

[4] The court admitted both a fax cover sheet and a document entitled "TX Result Report." Both documents reflected the time "17:01" on August 5, 2014. We observe that, the message section of the fax cover sheet, which was signed by Peat and dated August 5, 2014, states in relevant part: "Please make service of the attached ASAP. Also, please confirm receipt. I will mail the originals." (Emphasis in original.)

[5] Attached as an exhibit to the petitioner's objection to the motion to dismiss is an affidavit of Peat in which she avers in relevant part that she had attempted to reach Lilley by telephone on August 5, 2014, "but was only able to leave a voice mail."

[6] The return, signed by Lilley and dated August 6, 2014, states in relevant

part: "Then and by virtue hereof, on the 6th day of August, 2014, I made due and legal service on the within named defendant, BRIAN PRELESK[I], NEW BRITAIN STATE'S ATTORNEY'S OFFICE, by leaving a verified and true attested copy of the original Writ, Summons and Petition For New Trial Based Upon Newly Discovered Evidence, with and in the hands of Margaret Q. Chapple, Associate Attorney General who is duly authorized to accept service at the office of the Attorney General for the State of Connecticut, at 55 Elm Street, in the City of Hartford.

"The within is the original, Writ, Summons and Petition For New Trial Based Upon Newly Discovered Evidence, with my doings hereon endorsed."

[7] Following oral argument in this appeal, this court ordered the parties to file supplemental briefs addressing the following question: "Is personal delivery of the *original* writ, summons and petition, as opposed to a *copy*, *facsimile, or electronic copy*, required by General Statutes § 52-593a?" (Emphasis added.) In response, the petitioner argues that the issue set forth in the briefing order was unpreserved and not reviewable. Alternatively, the petitioner argues that "a facsimile or other electronic copy is legally sufficient and [for purposes of § 52-593a is] equivalent to an 'original' copy." Further, the petitioner argues that, if this court determines that § 52-593a requires the personal delivery of original copies of the process to be served and that the "facsimile copy" delivered to the marshal in the present case was not "an original copy," the statutory requirement should be liberally interpreted to be directory and not mandatory and, in light of the evidence presented, should not be interpreted as a barrier to obtaining relief under the statute. Additionally, the petitioner argues that to interpret § 52-593a such that the facsimile copy was insufficient would arbitrarily burden his ability to present new evidence in support of his petition and, thus, violate his right to present a defense. The respondent argues that § 52-593a required personal delivery of the original writ, summons, and petition, but that, regardless of whether the faxed process at issue in this case satisfies that requirement, we should conclude that the court correctly ruled in the respondent's favor because it correctly found that there was no evidence that process in any form had been personally delivered to a marshal on or before August 5, 2014. In light of our resolution of the present claim, we need not resolve the issue set forth in our supplemental briefing order.

[8] In its analysis, this court implicitly adopted the interpretation of § 52-593a set forth in *Zarillo* v. *Peck*, 33 Conn. Supp. 676, 678–79, 366 A.2d 1165, cert. denied, 171 Conn. 731, 357 A.2d 515 (1976).

[9] This court has held that the requirement set forth in § 52-593a (b), that "the officer making service shall endorse under oath on such officer's return the date of delivery of the process to such officer for service," is directory, not mandatory, in nature. *Dickerson* v. *Pincus*, 154 Conn. App. 146, 154–55, 105 A.3d 338 (2014). In *Dickerson*, this court stated in relevant part: "The essence of the thing to be accomplished in § 52-593a is to allow an action to be brought even though process is served after the expiration of the limitations period, when process is delivered to the marshal within the limitations period and the marshal serves process within thirty days of delivery. . . .

"Subsection (b) of § 52-593a does not address the essence of the thing to be done, which, in this case, was delivery to the marshal within the period of limitations; rather, it provides the manner in which compliance with subsection (a) of § 52–593a is supposed to be shown. . . . The purpose of the remedial savings statute would not be served by prohibiting the plaintiff from bringing the action only because the marshal did not perfectly fill out the marshal's return, as provided in subsection (b), when it is nonetheless clear from the marshal's return in this case that the marshal received the summons and complaint within the limitations period and served it on the defendant within thirty days, as required by subsection (a)." (Internal quotation marks omitted.) Id.; see also *Doe* v. *West Hartford*, 168 Conn. App. 354, 377–79, 147 A.3d 1083 (§ 52-593a available to save cause of action despite failure of serving officer to endorse on officer's return date of delivery of process to him pursuant to subsection [b]), cert. granted, 323 Conn. 936, 151 A.3d 384 (2016).

Thus, we do not view Lilley's failure to endorse the return in compliance with subsection (b) of § 52-593a to be a defect that precludes application of the statute. Yet, like the trial court, we observe that the return did not otherwise demonstrate that the thing to be accomplished, namely, timely personal delivery of process as described in subsection (a), occurred in this case.