# TAYCO CORPORATION ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF WALLINGFORD
## (SC 18319)

Rogers, C. J., and Norcott, Katz, Palmer, Zarella and McLachlan, Js.

Argued September 9, 2009—officially released February 2, 2010

*Gerald E. Farrell, Sr.*, assistant town attorney, for the appellant (defendant).

*Timothy J. Lee,* for the appellees (plaintiffs).

*Opinion*

McLACHLAN, J. Pursuant to General Statutes § 52-593a (a),[1] a cause of action is not lost because of the expiration of a statute of limitations if process is personally delivered to a state marshal who thereafter effectuates service within thirty days of its delivery. This

[1] General Statutes § 52-593a provides: "(a) Except in the case of an appeal from an administrative agency governed by section 4-183, a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to a state marshal authorized to serve the process and the process is served, as provided by law, within thirty days of the delivery.

"(b) In any such case, the state marshal making service shall endorse under oath on such state marshal's return the date of delivery of the process to such state marshal for service in accordance with this section."

appeal[2] requires us to determine whether an action can be saved pursuant to § 52-593a (a) when a party delivers the process to be served to a marshal within the applicable limitations period but then instructs the marshal to refrain from serving the process for several days. The defendant, the planning and zoning commission of the town of Wallingford, appeals from the judgment of the trial court sustaining the appeal of the plaintiffs, Tayco Corporation and Perry Taylor, from the defendant's imposition of certain conditions on a zoning permit issued to the plaintiffs. The defendant claims, inter alia,[3] that the court improperly denied its motion to dismiss the appeal for lack of subject matter jurisdiction on the ground that the plaintiffs had failed to commence and serve their appeal within fifteen days of the published notice of the decision of the defendant pursuant to General Statutes (Rev. to 2005) § 8-8.[4] Because we con-

[2] The defendant appealed from the trial court's judgment to the Appellate Court and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[3] The defendant also claims that, in sustaining the plaintiffs' appeal from the decision of the defendant, the trial court improperly: (1) failed to find that the change in the plaintiffs' business altered its status as a preexisting nonconforming use; (2) conflicted with the Appellate Court's decision in *Taylor* v. *Zoning Board of Appeals*, 65 Conn. App. 687, 783 A.2d 526 (2001); and (3) substituted its judgment for that of the defendant regarding the reasonableness of the conditions placed on the zoning permit. Because we conclude that the court improperly denied the defendant's motion to dismiss on the basis of the limited information before it, we do not address these additional claims.

[4] General Statutes (Rev. to 2005) § 8-8 provides in relevant part: "(a) As used in this section . . .

"(2) 'Board' means a municipal zoning commission, planning commission, combined planning and zoning commission, zoning board of appeals or other board or commission the decision of which may be appealed pursuant to this section, or the chief elected official of a municipality, or such official's designee, in a hearing held pursuant to section 22a-250, whose decision may be appealed.

"(b) . . . Any person aggrieved by any decision of a board, including a decision to approve or deny a site plan pursuant to subsection (g) of section 8-3, may take an appeal to the superior court for the judicial district in which the municipality is located. The appeal shall be commenced by service of process in accordance with subsections (f) and (g) of this section within

clude that a cause of action is saved pursuant to § 52-593a (a) only when a plaintiff authorizes the marshal, within the applicable statute of limitations, to serve process, we reverse in part the judgment of the trial court.

The plaintiffs are the owners of property located at 400 Washington Street[5] in Wallingford, on which they maintain a sand and gravel mine. A dispute arose as to the plaintiffs' permitted use and, on May 31, 2005, the plaintiffs filed an application for a special permit to continue their preexisting use of the property. Following public hearings, the application was approved on November 16, 2005, subject to certain enumerated conditions. Notice of the decision was published on November 19, 2005. The plaintiffs appealed, challenging the imposition of the conditions on the special permit.

The defendant filed a motion to dismiss on January 10, 2006, in which it argued that the plaintiffs had failed to file and serve their appeal by December 5, 2005,[6] within fifteen days of the published notice of the defendant's decision as required by § 8-8 (b). At the hearing on the motion to dismiss, the state marshal, Neil Longobardi, testified that on December 2, 2005, before the expiration of the appeal period, he picked up the appeal at the office of plaintiffs' counsel, who instructed him not to serve it and to wait until further notice or further instruction. Longobardi also testified that he subse-

fifteen days from the date that notice of the decision was published as required by the general statutes. . . ." All references herein to § 8-8 are to the 2005 revision of the statute.

[5] The location is also known as 109 Hosford Street. See *Taylor* v. *Zoning Board of Appeals*, 65 Conn. App. 687, 689–90, 783 A.2d 526 (2001).

[6] Because December 4, 2005, fell on a Sunday, when the office of the clerk was closed; see Practice Book § 7-17; the appeal could have been timely filed on the following Monday, December 5, 2005. See *Nine State Street, LLC* v. *Planning & Zoning Commission*, 270 Conn. 42, 52, 850 A.2d 1032 (2004) (appeal period pursuant to § 8-8 [b] not shortened if last day of time period falls on day when municipal offices are closed).

quently served the appeal on the defendant on December 8, 2005, three days after the expiration of the appeal period. Longobardi did not testify as to when the plaintiffs' attorney contacted him to instruct him to go forward with the service.

Following Longobardi's testimony, the defendant argued that in order for an action to be saved pursuant to § 52-593a (a), the marshal must have been given process with instruction to serve it because the statute is intended to save actions served beyond the statute of limitations due to the marshal's error, not due to lateness or indecision on behalf of the appealing party.[7] The plaintiffs responded that § 52-593a (a) requires only that the party deliver process to the marshal prior to the expiration of the statute of limitations and that the marshal serve the process within thirty days of that delivery, regardless of the intention of the attorney at the time of delivery.

In its memorandum of decision denying the defendant's motion, the trial court, *Corradino, J.*, first rejected the defendant's claim that § 52-593a (a) requires that the party who delivers process to the marshal must intend that the marshal serve it immediately in order for the savings clause to have effect. Such a requirement, the court stated, would lead to a difficult inquiry into what the individual delivering process to the marshal said or intended in his or her instruction

---

[7] The defendant also argued that the appeal should be dismissed because the marshal's return indicating when he had received the process was not under oath as required by § 52-593a (b). The plaintiffs responded that there was adequate evidence in the record, through Longobardi's testimony under oath, that he had received the process on December 2, 2005. In its memorandum of decision, the trial court concluded that the fact that the return was not under oath was a defect curable by amendment, noted that Longobardi had testified under oath that he had received the process on December 2, 2005, and instructed the plaintiffs to file an amendment to the return. On appeal, the defendant did not renew this argument, and therefore we do not address it.

regarding the timing of service of process. The court then stated that, due to the ameliorative nature of § 52-593a (a), the interests of an attorney who may need additional research time prior to commencing a complaint or appeal should be taken into consideration. The court concluded that, more importantly, § 52-593a (a) does not state that the delivery of process to the marshal must be accompanied by a request for immediate service. Subsequently, on November 6, 2005, the court, *Hon. Howard F. Zoarski*, judge trial referee, sustained the plaintiffs' appeal and voided the conditions on the special permit. This appeal followed.

The defendant claims that the court improperly concluded that the plaintiffs' appeal could be saved pursuant to § 52-593a (a).[8] Specifically, the defendant contends that the legislature did not intend for § 52-593a (a) to save an action, when, as in the present case, a party delivered the process to the marshal with instruction not to serve it until further notice. The thrust of the defendant's argument is that if a party delivers the process to the marshal within the limitations period but fails to instruct the marshal simultaneously to serve process, the party should lose the protection of § 52-593a (a). Thus, the defendant appears to argue that if a party does not instruct the marshal, within the limitations period, to make service, whether the marshal serves the process within thirty days of receiving it is irrelevant. The plaintiffs contend that because the process was in the hands of the marshal within the statute of limitations and ultimately was served on the defendant within the additional time allowed by § 52-593a (a), the appeal was timely. We agree with the defendant.

---

[8] The parties do not dispute that § 52-593a applies to zoning appeals. See *Fedus* v. *Planning & Zoning Commission*, 278 Conn. 751, 770–71 n.17, 900 A.2d 1 (2006) (§ 8-8 [g] requires dismissal of zoning appeal in event of failure to make service to zoning board subject to applicable savings provision such as § 52-593a [a]).

"The standard of review for a court's decision on a motion to dismiss is well settled. A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo." (Internal quotation marks omitted.) *Paradigm Contract Management Co.* v. *St. Paul Fire & Marine Ins. Co.*, 293 Conn. 569, 575, 979 A.2d 1041 (2009). The issue in this case, namely, whether the court properly concluded that the plaintiffs' appeal was timely pursuant to the savings provision in § 52-593a, is one of statutory construction, and is therefore a question of law over which we employ plenary review. *Fairchild Heights, Inc.* v. *Amaro*, 293 Conn. 1, 8, 976 A.2d 668 (2009). "The process of statutory interpretation involves the determination of the meaning of the statutory language as applied to the facts of the case, including the question of whether the language does so apply. . . .

"When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation." (Internal quotation marks omitted.) Id., 8–9.

Section 52-593a (a) provides in relevant part: "[A] cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to a state marshal authorized to serve the process and the process is served, as provided by law, within thirty days of the delivery."

The parties agree that the process to be served must be delivered to the marshal prior to the expiration of the limitations period. The defendant argues that for § 52-593a (a) to apply, the process to be served must be delivered to the marshal *with* instruction to serve it. In response, the plaintiffs claim that literal compliance with § 52-593a (a) is achieved when the process is: (1) physically delivered to the marshal within the limitations period; and (2) served within thirty days of that delivery. Although the parties do not dispute that delivery of process to the marshal must take place prior to the expiration of the relevant statute of limitations, consideration of this issue is helpful to our resolution of the question before us.

Section 52-593a (a) does not specify that the process must be delivered to the marshal within the relevant statute of limitations. Nor does it, as the trial court noted, provide that the process must be delivered to the marshal with instruction to serve it immediately. The only delivery requirement included in the plain language of § 52-593a (a) is that process is "personally delivered to a state marshal authorized to serve the process . . . ." Because we presume that the legislature has created a harmonious body of law, we look to related provisions as part of our statutory construction. *State* v. *Fernando A.*, 294 Conn. 1, 21, 981 A.2d 427 (2009). In the present case, we need not look far, because the language in § 52-593a (b) is helpful to our analysis. It provides that "[i]n any such case, the state marshal making service shall endorse under oath on

such state marshal's return the date of delivery of the process to such state marshal for service in accordance with this section." General Statutes § 52-593a (b). The requirement that the marshal include on the return the date on which the process was delivered to him indicates clearly that the date of delivery carries some significance. See, e.g., *AvalonBay Communities, Inc.* v. *Zoning Commission,* 280 Conn. 405, 422, 908 A.2d 1033 (2006) ("[i]n construing statutes, we presume that there is a purpose behind every sentence, clause, or phrase used in an act and that no part of a statute is superfluous" [internal quotation marks omitted]). Thus, § 52-593a, when taken as a whole, yields more than one reasonable interpretation regarding the requirements relating to delivery of process to the marshal. *Felician Sisters of St. Francis of Connecticut, Inc.* v. *Historic District Commission,* 284 Conn. 838, 848, 937 A.2d 39 (2008) ("[u]nder § 1-2z, the ambiguity determination is not limited to the statute itself, but requires us to view the statute at issue in the context of other related statutes"). Moreover, construing § 52-593a (a) to provide no requirement regarding the timeliness of the delivery of process to the marshal or the instruction to effectuate service would lead to the absurd result that a party may, at any time, regardless of the applicable statute of limitations, commence an action through the use of a marshal, provided that the marshal serves the process within thirty days of the delivery to him. Therefore, we may turn to extratextual evidence of the meaning of the statute, including its legislative history. See General Statutes § 1-2z; *Rainforest Cafe, Inc.* v. *Dept. of Revenue Services,* 293 Conn. 363, 377, 977 A.2d 650 (2009).

We begin with the history of § 52-593a, which was originally adopted in 1967. See Public Acts 1967, No. 890.[9] The legislative history of No. 890 of the 1967 Public

---

[9] Public Acts 1967, No. 890, provided: "No cause or right of action shall be lost because of the passage of the time limited by law within which such action may be brought, if the process to be served is personally delivered

Acts indicates that it was intended to address the problem that arises when a marshal receives a writ from counsel close to the expiration of the statute of limitations by allowing the marshal "to hold [the] writ, if necessary, in order to serve it properly for not more than [fifteen] days." 12 S. Proc., Pt. 5, 1967 Sess., p. 2117, remarks of Senator John F. Pickett. Thus, No. 890 of the 1967 Public Acts was intended to prevent a party from losing the right to a cause of action because of untimely service on the part of the *marshal* by giving the marshal additional time in which to effect proper service on the party in question. Significantly, a party seeking the protections of § 52-593a must deliver the writ to the marshal within the applicable statute of limitations.[10] See 1 R. Bollier, N. Cioffi & K. Emmett et al., Stephenson's Connecticut Civil Procedure (3d Ed. 1997) § 29, p. 88 (§ 52-593a provides that service is sufficient for purposes of statute of limitations "if the process is delivered to the [marshal] . . . within the period of the statute of limitations, provided, however,

---

to an officer authorized to serve such process or is personally delivered to the office of any sheriff within the time limited by law, and such process is served, as provided by law, within fifteen days of such delivery. In any such case the officer making such service shall endorse under oath on his return the date of delivery of such process to him for service in accordance with this act."

[10] The legislature's policy of avoiding the unfairness that would result from holding a plaintiff responsible for a failure of service that is attributable to the marshal rather than the litigant is evident elsewhere in the statutes applicable to zoning appeals. See, e.g., *R.C. Equity Group, LLC v. Zoning Commission*, 285 Conn. 240, 254–55, 939 A.2d 1122 (2008) ("In enacting § 8-8 [q], the legislature recognized that neither a plaintiff nor the plaintiff's counsel personally effects service of process; rather, such service is delegated to a third party, a marshal, over whom the plaintiff does not have complete control. The plaintiff—or, as is most often the case, the plaintiff's counsel—is responsible for instructing the marshal whom to serve, but neither can control the actions of the marshal thereafter. Consequently, it is eminently fair and reasonable that, under § 8-8 [q], a plaintiff's right to appeal will not be extinguished merely because the marshal, for reasons not attributable to the plaintiff or the plaintiff's attorney, fails to effectuate service as instructed.").

that the process is served within fifteen days of such delivery"); see also *Mario* v. *Conservation Commission*, 33 Conn. Sup. 172, 173, 176, 367 A.2d 698 (1976) ("In 1967, the legislature recognized the injustice that might result if a [marshal], through inattention, oversight or lack of time, failed to serve papers in time. . . . [Section] 52-593a . . . gives the [marshal] a maximum fifteen-day grace period if he has received the writ within the original limitations period.").

From its adoption in 1967 until its amendment by No. 00-99 of the 2000 Public Acts (P.A. 00-99), § 52-593a also expressly required that delivery to the marshal occur within the applicable limitations period. Number 890 of the 1967 Public Acts, codified at General Statutes (Rev. to 1968) § 52-593a, provided in relevant part that "[n]o cause or right of action shall be lost because of the passage of the time limited by law within which such action may be brought, if the process to be served is personally delivered to an officer authorized to serve such process or is personally delivered to the office of any sheriff *within the time limited by law*, and such process is served, as provided by law, within fifteen days of such delivery. . . ." (Emphasis added.) See also General Statutes (Rev. to 1989) § 52-593a (a) (retaining express requirement that delivery to marshal occur within limitations period following amendment by Public Acts 1988, No. 88-317).

In 2000, the legislature, as part of its sweeping changes to the then sheriff system, amended § 52-593a (a) by substituting "a state marshal" for "an officer" and deleting "or is personally delivered to the office of any sheriff within the time limited by law . . . ." P.A. 00-99, § 138. The legislative history underlying P.A. 00-99 reveals no intention to change the substance of the statute. Rather, P.A. 00-99 focused on the institution of the state marshal system and, in furtherance of that change, removed references to sheriffs from the Gen-

eral Statutes.[11] An understanding that the purpose of § 52-593a (a) had not changed was evident in a letter from the Connecticut State Marshal's Association, Inc. (association), to the members of the judiciary committee addressing the proposal to increase the number of days a marshal has to serve process from fifteen to thirty. See Conn. Joint Standing Committee Hearings, Judiciary, Pt. 6, 2003 Sess., p. 1964; see also Public Acts 2003, No. 03-224, § 14. The letter stated that the association supported the amendment to § 52-593a because the additional time in which to serve process would "lessen the intense pressure on the [m]arshal to get [the process] served on time and save the suit from being dismissed." Conn. Joint Standing Committee Hearings, supra, p. 1964.

Section 52-593a (a), then, represents a balance between two public policies enunciated by both the legislature and this court regarding statutes of limitation and requirements for service of process. Statutes of limitation implement the public policy of limiting the legal consequences of a wrong to a reasonable time after an event occurs. It is well established that the "purpose of [a] statute of limitation or of repose is . . . to (1) prevent the unexpected enforcement of stale and fraudulent claims by allowing persons after the lapse of a reasonable time, to plan their affairs with a reasonable degree of certainty, free from the disruptive burden of protracted and unknown potential liability, and (2) to aid in the search for truth that may be impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of docu-

---

[11] Prior to the passage of P.A. 00-99, § 138, not only sheriffs but also other commissioned officers could effectuate service of process. Compare General Statutes (Rev. to 1999) § 52-593a to General Statutes (Rev. to 2001) § 52-593a. It does not appear, and the parties do not argue, that the legislature intended to require that the *marshal* be an individual who is authorized to make service at the time of delivery. Rather, the words "state marshal" were simply substituted for "an officer." P.A. 00-99, § 138.

ments or otherwise." (Internal quotation marks omitted.) *Neuhaus* v. *DeCholnoky*, 280 Conn. 190, 206–207, 905 A.2d 1135 (2006); see also *Beckenstein* v. *Potter & Carrier, Inc.*, 191 Conn. 150, 159, 464 A.2d 18 (1983) ("the policy of statutes of limitation includes promoting repose by giving security and stability to human affairs" [internal quotation marks omitted]); *Vilcinskas* v. *Sears, Roebuck & Co.*, 144 Conn. 170, 174–75, 127 A.2d 814 (1956) (purpose of statutes of limitation is to prevent unexpected claims due to want of prosecution and to ensure action is brought soon enough after claimed act to allow witness to be available for defense).

Proper service of process, in comparison, promotes the public policy of ensuring actual notice to defendants. *Clegg* v. *Bishop*, 105 Conn. 564, 569, 136 A. 102 (1927). Moreover, "[p]roper service of process gives a court power to render a judgment which will satisfy due process under the [fourteenth] amendment of the federal constitution and equivalent provisions of the Connecticut constitution and which will be entitled to recognition under the full faith and credit clause of the federal constitution." (Internal quotation marks omitted.) 1 R. Bollier, N. Cioffi & K. Emmett et al., supra, § 11 (b), p. 20. By allowing the *marshal* additional time in which to locate and serve a party, § 52-593a provides a method for ensuring correct service of process without infringing on a litigant's ability to timely file even when he or she uses the entire amount of time allotted to bring an action pursuant to the applicable statute of limitations. Thus, we conclude that the process must be delivered to the marshal for service prior to the expiration of the statute of limitations. This is consistent with the significance the legislature placed on the date of delivery to the marshal in § 52-593a (b). See *Rocco* v. *Garrison*, 268 Conn. 541, 550, 848 A.2d 352 (2004) ("[i]t is a basic tenet of statutory construction

that the legislature [does] not intend to enact meaningless provisions" [internal quotation marks omitted]).

Stated another way, we conclude that § 52-593a (a) does not give the *litigant* time beyond the statute of limitations in which to deliver process to the marshal for service. Such a reading would run contrary to the intent behind § 52-593a (a) and would frustrate the purpose of statutes of limitation. Moreover, such an interpretation could yield the absurd result of allowing a litigant to finish the steps of commencing an action *after* the expiration of the statute of limitations. Thus, our conclusion is consistent with our principle of statutory construction that "we construe a statute in a manner that will not thwart its intended purpose or lead to absurd results. . . . We must avoid a construction that fails to attain a rational and sensible result that bears directly on the purpose the legislature sought to achieve." (Internal quotation marks omitted.) *Kelly* v. *New Haven*, 275 Conn. 580, 616, 881 A.2d 978 (2005); see also *ATC Partnership* v. *Coats North America Consolidated, Inc.*, 284 Conn. 537, 545, 935 A.2d 115 (2007) ("[i]n construing a statute, common sense must be used and courts must assume that a reasonable and rational result was intended" [internal quotation marks omitted]).

We now turn to the question presented by the parties in this case, namely, whether an action can be saved pursuant to § 52-593a (a) when a party delivers the appeal to be served to a marshal within the applicable statute of limitations but then instructs the marshal to refrain from service of process for several days. Implicit in our conclusion that process must be delivered to the marshal within the applicable statute of limitations is a requirement that it must also be delivered to the marshal *for service*. This requirement is satisfied when process is given to the marshal without an instruction to refrain from making service or when, if the marshal

is instructed to hold onto the process, the instruction to effectuate service is given *within the applicable statute of limitations.* In other words, process is not delivered for the purposes of the savings provision until the marshal is instructed to effectuate service. We emphasize that we are not requiring that a hearing be held in each case to determine what precise instruction was given to the marshal upon delivery of service. Indeed, such a hearing would, in most cases, be unnecessary because a marshal is charged by statute to "execute [process] promptly . . . ." General Statutes § 6-32;[12] see also *R.C. Equity Group, LLC* v. *Zoning Commission,* 285 Conn. 240, 253, 939 A.2d 1122 (2008). In cases such as the present one, however, when the party who has delivered process to the marshal specifically has instructed him to hold it for a few days, the determination of when the marshal was instructed to effectuate service is a necessary step in analyzing the application of § 52-593a (a).

There is a difference, of course, between delivering process without an express instruction to serve it immediately and delivering process with an express instruction to hold onto it for several days. As we have stated, any reading that allows a litigant additional time beyond the expiration of the limitations period to decide *whether to* commence an action would frustrate the purpose of the statute of limitations. Conversely, it makes no legal difference if a party delivers process on the last day of service or several days before with

---

[12] General Statutes § 6-32 provides: "Each state marshal shall receive each process directed to such marshal when tendered, execute it promptly and make true return thereof; and shall, without any fee, give receipts when demanded for all civil process delivered to such marshal to be served, specifying the names of the parties, the date of the writ, the time of delivery and the sum or thing in demand. If any state marshal does not duly and promptly execute and return any such process or makes a false or illegal return thereof, such marshal shall be liable to pay double the amount of all damages to the party aggrieved."

instruction to hold the process provided the marshal is given instruction, before the expiration of the statute of limitations, to effectuate service.

In the present case, at oral argument, counsel for the plaintiffs stated that process was delivered to Longobardi "with the intention to have him make service at some point in time" and that, when delivery was made, there was "an issue as to whether the [plaintiffs were] going to pursue the appeal or not pursue the appeal." The purpose behind § 52-593a (a) requires that a litigant make a decision as to whether to go forward with an action within the applicable statute of limitations. Thus, we hold that, for the purposes of § 52-593a, delivery of process to the marshal must be made within the applicable limitations period, and that delivery is not complete until the marshal is given instruction to effectuate service. On the present record, we cannot determine when Longobardi received instruction to serve process on the defendant. Accordingly, we remand this matter to the trial court for such a determination. In the event that the trial court determines that Longobardi did not receive instruction to serve process on the defendant within the applicable statute of limitations, the motion to dismiss should be granted and the case should be dismissed for lack of subject matter jurisdiction. In the event that the trial court determines that counsel for the plaintiffs instructed Longobardi to effectuate service within the limitations period, this court retains jurisdiction over the appeal for review of the other issues raised by the defendant. See footnote 3 of this opinion.

The judgment is reversed only as to the denial of the defendant's motion to dismiss and the case is remanded for further proceedings in accordance with the preceding paragraph. We retain jurisdiction over this appeal for purposes of any further appellate proceedings.

In this opinion the other justices concurred.